Larry Smith, Plaintiff In Pro Per
466 N. Orange Street, No. 345
Redlands, California 92374
☎ 951-769-4423

Plaintiffs in Propria Persona

FILED
2011 JAN 31 PM 4:14
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY A. SMITH, individually and as Successor in Interest to decedent MARK SMITH,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF FONTANA, FONTANA POLICE DEPARTMENT OFFICERS ROBERT MILLER, RICHARD GUERRERO, JACINTO DELEON, DARYL AVILA, CHRISTOPHER MACIAS, MARK WYRICK, JORGE VELASQUEZ, MATTHEW MAJORS, KEVIN GOLTARA, KEITH ZAGORIN, MARK JACOBSON, DOES 1-10,<br><br>Defendants. | CASE NO. EDCV11-0196-SVW (VBKx)<br><br>Violation of Civil Rights by individuals [42 U.S.C. 1983]<br><br>Violation of Civil Rights (Supervisory Liability) [42 U.S.C. 1983]<br><br>Violation of Civil Rights (Failure to Train) [42 U.S.C. 1983]<br><br>Violation of Civil Rights (Municipal Liability) [42 U.S.C. 1983]<br><br>Supplemental State Claims [28 U.S.C. 1367]<br><br>Wrongful Death based on battery and/or negligence<br><br>Violation of Civil Rights (Cal. Civ. C. § 52.1)<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs LARRY A. SMITH individually and as successor in interest to his son, decedent Mark Smith, alleges as follows:

## GENERAL ALLEGATIONS

1. Jurisdiction of this Court is invoked under 28 U.S.C. Section 1331 and 1343.
2. This is a complaint for money damages by plaintiffs arising under United

1

States Code, Title 42, Sections 1983 and 1988 for redress of deprivation under color of law of their rights, privileges and immunities secured by said statutes, and by the Fourth and Fourteenth Amendments to the United States Constitution and under the laws and Constitution of the State of California.

3. Plaintiffs Larry A. Smith at all times material was an adult. Decedent Mark Smith claims through his successor-in-interest, his father, plaintiff Larry A. Smith.

4. At all times material herein, all plaintiffs were citizens residing in the City of Redlands, CITY OF FONTANA, California within the jurisdiction of the Central District of California for the United States District Court.

5. Defendant CITY OF FONTANA, hereinafter "CITY" was at all times material herein a municipal corporation duly organized and existing as such under the laws of and in the State of California and County of San Bernardino.

6. Defendants ROBERT MILLER, RICHARD GUERRERO, JACINTO DELEON, DARYL AVILA, CHRISTOPHER MACIAS, MARK WYRICK, JORGE VELASQUEZ, MATTHEW MAJORS, KEVIN GOLTARA, KEITH ZAGORIN, MARK JACOBSON were at all times material herein public employees of defendant CITY, employed as police officers and acting under color of law as California peace officers.

7. Plaintiffs are ignorant of the true names and/or capacities of defendants named as DOES, but allege that each said fictitiously named defendant is responsible in some manner for the injuries, damages and/or harm alleged herein.

8. Pursuant to California Code of Civil Procedure § 474 plaintiffs therefore sue said defendants under said fictitious names.

9. When plaintiffs learn the true names and/or capacities of the fictitiously named defendants, then plaintiffs will seek leave of Court to amend to allege

2

their true names and/or capacities.

10. At all times material herein, the individual defendants and DOES 1 through 10, were employed by defendant CITY OF FONTANA as duly appointed, qualified and acting police officers, employed as such, and at all times material herein, said defendants were acting in the course and scope of such employment and under color of state law as police officers.

11. At all times material herein, defendants, and each of them, were acting as the employees, agents, representatives, and officers of every other defendant herein, and within the course and scope of such employment and agency.

## FIRST CLAIM FOR DAMAGES BY ALL PLAINTIFFS
## AGAINST ALL INDIVIDUAL DEFENDANTS
## FOR VIOLATION OF CIVIL RIGHTS
### (42 U.S.C. § 1983: 4th Amendment: Unreasonable Seizure)

12. Plaintiffs reallege paragraphs 1 through 11 as though set forth herein *verbatim*.

13. Plaintiff's decedent Mark Smith, hereinafter "decedent", a bipolar sufferer off his prescribed medicine, had taken his father's car without permission during a ride being taken by the two of them.

14. On February 27, 2010 Plaintiff Larry A. Smith reported the non-consensual taking of his vehicle by his son, decedent. Plaintiff also reported that his son was bipolar and off his medicine.

15. Plaintiff Larry A. Smith also informed Fontana Police Department call takers that his loaded handgun (which was legal for him to carry as a retired police officer) was in the locked glovebox of the vehicle.

16. A short vehicle pursuit ensued after plaintiff's decedent was observed driving the vehicle on or about February 27, 2010. The pursuit ended near the intersection of Merrill and Cherry in the City of Fontana, San Bernardino County, California.

17. Decedent had not demonstrated any physical resistance following the P.I.T. maneuver which caused the vehicle he was operating to come to rest.

18. Defendants ROBERT MILLER, RICHARD GUERRERO, JACINTO DELEON, DARYL AVILA, CHRISTOPHER MACIAS, MARK WYRICK, JORGE VELASQUEZ, MATTHEW MAJORS, KEVIN GOLTARA, KEITH ZAGORIN, MARK JACOBSON unreasonably and/or unnecessarily opened fire with handguns and rifle(s), firing dozens of live rounds at and into plaintiff's decedent while he remained in the stationary vehicle.

19. Decedent had not handled, aimed, pointed or fired a weapon at any of them.

20. Said defendants, through their tactical misfeasance or nonfeasance, failed to use reasonable police procedures, including but not limited to the following:

– no attempt was made to contact a mental health professional to come to the scene to communicate with decedent or to give advice to on-scene officers how to properly communicate with the clearly mentally disturbed decedent;

– on scene officers and their supervisors failed to follow state law under Penal Code § 13519.2 *et seq.* to properly deal with an identified mentally disturbed individual who was not immediately threatening at the time of the shooting by Fontana officers;

– there was no one clearly in charge of on scene officers, trained to communicate with persons with a mental disability, such as decedent;

– there was no one designated the shooter, should reasonable non-lethal methods become infeasible, in order to prevent "contagion of fire" from mistaken beliefs that decedent had fired a handgun, when the discharge precipitated by one officer caused another to begin firing in the mistaken belief that the shot(s) originated with decedent;

– though feasible, no warning was given before the shots were fired.

21. Defendants Miller, Guerrero, DeLeon, Avila, Macias, Wyrick, Velasquez, Majors, Goltara, Zagorin, Jacobson unreasonably fired or caused others

4

defendants to fire their handguns and/or other firearms which discharged approximately 100 to 120 rounds at and/or into plaintiff's decedent, resulting in his death.

22. The force used by defendants Miller, Guerrero, DeLeon, Avila, Macias, Wyrick, Velasquez, Majors, directed and authorized by defendants Goltara, Zagorin, Jacobson (who may also have joined in the shooting) was excessive and/or unreasonable, in violation of plaintiff's decedent's right to be free of an unreasonable seizure by the unreasonable and/or use of excessive and deadly force.

23. Plaintiffs suffered injury, damage and/or harm as a proximate result of the acts and omissions of defendants and was also required to engage the services of counsel, for which claim is made hereby pursuant to 42 U.S.C. § 1988.

## SECOND CLAIM FOR DAMAGES
## 42 U.S.C. § 1983: FAILURE TO SUPERVISE (*LAREZ*)
## BY ALL PLAINTIFFS AGAINST DEFENDANTS
## GOLTARA, JACOBSON, ZAGORIN
## AND DOES 1 THROUGH 3

24. Plaintiffs reallege paragraphs 1 through 23 as though set forth *verbatim*.

25. Defendants GOLTARA, JACOBSON, ZAGORIN and Does 1 through 3 were immediate on-scene supervisors of defendants Miller, Guerrero, DeLeon, Avila, Macias, Wyrick, Velasquez, Majors and/or the Chief of the police department of defendant CITY OF FONTANA, who tolerated and/or encouraged, condoned the use of excessive force by rank and file officers of the CITY OF FONTANA Police Department.

26. Individually and officially the acts and omissions of Does 1 through 3 were pursuant to a custom, policy and practice of using and/or tolerating the use of excessive force. Said defendants set a tone which condoned and encouraged the use of excessive force.

27. Does 1 through 3 either acted pursuant to the aforesaid custom, policy and practice and/or promulgated, established and perpetuated the policy as policymaker(s) for defendant CITY OF FONTANA.

28. Despite actual or constructive knowledge of the excessive force used by defendant Miller, Guerrero, DeLeon, Avila, Macias, Wyrick, Velasquez, Majors upon decedent, defendants GOLTARA, JACOBSON, ZAGORIN and Does 1 through 3 took no steps to reprimand or discharge Miller, Guerrero, DeLeon, Avila, Macias, Wyrick, Velasquez, Majors or Miller, Guerrero, DeLeon, Avila, Macias, Wyrick, Velasquez, Majors, supervisors Goltara, Zagorin, Jacobson and higher up supervisory officials up the line of command, or they otherwise failed to admit that defendant Miller, Guerrero, DeLeon, Avila, Macias, Wyrick, Velasquez, Majors and/or GOLTARA, JACOBSON, ZAGORIN and/or their supervisor(s)'s conduct was constitutionally infirm and/or in error.

29. Said defendants knew or were deliberately or recklessly indifferent to the likelihood that acts of excessive force and violence would occur as a result.

30. The acts and omissions of Does 1 through 3 were a moving force in the injury, damage and harm to plaintiffs and their decedent.

31. Plaintiffs were damaged as a proximate result of the aforesaid acts and omissions of Does 1 through 3 in an amount and manner to be shown according to proof at the time of trial.

### THIRD CLAIM FOR RELIEF
### BY ALL PLAINTIFFS AGAINST CITY OF FONTANA
### 42 U.S.C. § 1983: Municipal Liability (*Monell*)

32. Plaintiffs reallege paragraphs 1 through 31 as though set forth herein *verbatim*.

33. At all times material herein, defendant CITY OF FONTANA created, tolerated and/or maintained customs, policies and practices inimical to the

free exercise and enjoyment of constitutional rights of its citizens.

34. Defendant CITY OF FONTANA at all times material herein tolerated or maintained unconstitutional custom, policy or practice of:

    a. Use of excessive force or violence, including but not limited to use of tactics and firearms in a reckless and unreasonable manner;

    b. Writing false police reports and/or giving false testimony;

    c. Derelict supervision of patrol or line officers;

    d. Institutional pressure to conform false testimony, evidence or reports by all officers involved in an incident to protect one or more of them from criminal prosecution or administrative discipline aka "Code of Silence";

    e. Sham or deficient investigations of allegations of police misconduct designed to allow police misconduct to escape detection by superiors and/or superiors who guide or shape the investigation to support a result exonerating the subject or target officers;

    f. Ratification of misconduct to avoid referral for criminal prosecution;

    g. Planting evidence or withholding evidence to favor the involved officer(s)'s version of a disputed and complained of incident of police misconduct;

    h. Public denial or minimization of rampant problems of dishonesty and brutality within the City of Fontana Police Department;

    i. Failure to properly hire, train, supervise, discipline, terminate or otherwise take appropriate action with regard to persons who are or become unsuitable for police work.

42. As a proximate result of the foregoing unconstitutional municipal customs, policies and/or practices tolerated or maintained, plaintiffs' civil rights were violated as aforesaid.

43. Plaintiffs claim general and special damages according to proof as a proximate result thereof.

44. As a proximate result of the conduct of defendant CITY OF FONTANA as

Case 5:11-cv-00196-SVW-VBK Document 1 Filed 01/31/11 Page 8 of 16 Page ID #:8

aforesaid, it was necessary to retain an attorney and to incur expense and obligation to vindicate the constitutional rights of plaintiffs.

45. Plaintiffs claim attorney fees pursuant to Title 42 United States Code, § 1988.

## FOURTH CLAIM FOR RELIEF
## BY ALL PLAINTIFFS AGAINST CITY OF FONTANA
## 42 U.S.C. § 1983 MUNICIPAL LIABILITY (*City of Canton*)

46. Plaintiffs reallege paragraphs 1 through 45 as though set forth herein *verbatim*.

47. Plaintiff further alleges that the CITY OF FONTANA failed to properly train, investigate, monitor, supervise, regulate, discipline, terminate or take other appropriate action against its employees in the incident[s] alleged herein, as well as for prior and subsequent arrests and/or incidents by its police officers, particularly those involving use of deadly force and conducting detentions, searches and arrests without reasonable suspicion and/or probable cause as allowed by law.

48. Defendant CITY OF FONTANA had ample reason to know that its police officers were misusing their powers of arrest, search and use of deadly force.

49. Defendant CITY OF FONTANA has an unconstitutional practice, custom and/or procedure of inadequately training their employees, including, but not limited to police officers, detectives, sergeants and others in line, investigative or supervisory positions in the legal and ethical standards required of police officers, particularly with respect to making detentions, arrests, searches, application for warrants to search or arrest, tactics and use of firearms and use of deadly force and the contours of the Fourth and Fourteenth Amendments.

50. The failure on the part of the Defendant CITY OF FONTANA to carefully train, supervise, discipline, and, when necessary and proper, to discharge its employees who commit misconduct, amounts to deliberate indifference to the

8

rights of persons who they arrest or intend to arrest or seize, or alternatively, such reckless and/or callous disregard for the probable injuries to the civil rights of persons who are seized to constitute deliberate indifference.

51. Plaintiff alleges that the consequence of the Defendant CITY OF FONTANA's failure to adequately train, supervise and discipline its employees was a moving force in the unreasonable seizure and search, alleged herein to plaintiff's decedent and affecting plaintiffs thereby.

52. Defendants were deliberately indifferent to the fact that their policies and procedures were deficient, including the need for department wide training and retraining with respect to the proper contours of the Fourth and Fourteenth Amendments.

53. As a legal result of each of the foregoing acts and deliberate omissions of defendants, and each of them, plaintiffs suffered general and special damages, according to proof.

### FIFTH CLAIM FOR DAMAGES
### BY DECEDENT MARK SMITH, BY HIS SUCCESSOR
### IN INTEREST, LARRY A. SMITH, FOR BATTERY AGAINST
### DEFENDANTS MILLER, GUERRERO, JACINTO, DELEON, AVILA,
### MACIAS, WYRICK, VELASQUEZ, MAJORS, GOLTARA, ZAGORIN,
### JACOBSON, CITY OF FONTANA

54. Plaintiffs reallege paragraphs 1 through 53 as though set forth herein *verbatim*.

55. Plaintiffs fully complied with California Government Code § 910 *et seq.* by timely filing claims with defendants and timely filing their lawsuit thereafter.

56. Plaintiff LARRY A. SMITH, is the father of decedent Mark and qualified to act as his successor in interest under California law.

57. Plaintiff's decedent Mark SMITH was battered by defendants which resulted in his untimely death.

58. Plaintiffs' decedent Mark SMITH died, though not immediately, as a result of the battery by defendants and each of them.

59. Prior to his death, decedent Mark SMITH suffered personal injuries, including but not limited to extreme pain and suffering as a result of the battery by defendants on February 27, 2010.

60. Pursuant to the doctrine of *Respondeat Superior*, the acts of the individual defendants while in the employ of the CITY OF FONTANA are attributable to said public entity defendant pursuant to California statutory (Government Code § 815.2) and case authority which requires that the public entity must compensate plaintiffs for any general damages or losses for which the public employee(s) was (were) found to be responsible.

61. Plaintiff claims general and special damages according to proof as a proximate result thereof.

## SIXTH CLAIM FOR DAMAGES
## BY PLAINTIFF LARRY A. SMITH
## FOR WRONGFUL DEATH
## AGAINST ALL DEFENDANTS

62. Plaintiff realleges paragraphs 1 through 61 as though set forth *verbatim*.

63. At all times material, plaintiff LARRY A. SMITH was the natural parent of decedent, MARK SMITH, and his heir at law.

64. As a result of the aforesaid incident of February 27, 2010, plaintiff's decedent MARK SMITH was fatally shot constituting a battery and/or negligence by defendants MILLER, GUERRERO, DELEON, AVILA, MACIAS, WYRICK, VELASQUEZ, MAJORS, GOLTARA, ZAGORIN, JACOBSON, Does 1-10 and other responsible parties, police officers/deputy sheriffs of the CITY OF FONTANA, as well, respectively.

65. As a further direct and legal result of the battery, negligence, and/or recklessness of defendants, and each of them, plaintiffs have incurred general

and special damages to be shown according to proof at the time of trial, including but not limited to damages for comfort, society, love affection, joy, comfort, companionship and support as father, as well as funeral and medical expenses and legal expense.

## SEVENTH CLAIM FOR DAMAGES
## BY ALL PLAINTIFFS
## AGAINST ALL DEFENDANTS
## FOR VIOLATION OF CAL. CIVIL CODE § 52.1

66. Plaintiffs reallege paragraphs 1 through 65 as though set forth herein *verbatim*.

67. The aforesaid acts of defendants and each of them violated said plaintiffs' rights under the Fourth and Fourteenth Amendments to the United States Constitution and the parallel provisions of Article I, Section 13 of the California Constitution, both of which proscribe unreasonable search and seizure, by using excessive force against plaintiff's decedent, which is remediable under California Civil Code § 52.1.

68. Said acts were threatening, coercive and/or intimidating within the meaning of Civil Code § 52.1.

69. Plaintiffs were caused injury, damage and harm in an amount according to proof due to the conduct of said defendants.

70. Defendants are liable to plaintiff for damages, exemplary and punitive damages, penalties and attorneys' fees as provided in California Civil Code § 52.1(b).

WHEREFORE, plaintiffs prays for the following relief:

1. For general damages according to proof;
2. For special damages, according to proof;
3. For prejudgment interest according to proof;
4. For reasonable attorney fees pursuant to 42 U.S.C. §§ 1983 and

1988, California Civil Code § 52.1(h) and any other applicable provision;

    5.    For punitive damages *against the individual defendants only* pursuant to 42 U.S.C. §§ 1983, 1988 and/or California Civil Code § 3294, in an amount sufficient to deter and make an example of said defendants; and

    6.    For such further relief which is just and proper.

DATED:    January 31, 2011    By: *[signature]*
LARRY A. SMITH, *in propria persona*
and as Successor in Interest for decedent Mark Smith

## REQUEST FOR JURY TRIAL

Plaintiffs hereby request a trial by jury.

DATED:    January 31, 2011    By: *[signature]*
LARRY A. SMITH, *in propria persona*
and as Successor in Interest for decedent Mark Smith

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is Victor B. Kenton.

The case number on all documents filed with the Court should read as follows:

**EDCV11- 196 SVW (VBKx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [ ] Southern Division | [X] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☑)
Larry Smith, Plaintiff in Pro Per
466 North Orange Street, # 345
Redlands, CA 92374

**DEFENDANTS**
City of Fontana, Fontana Police Department, R. Miller, R. Guerrero, J. De Leon, D. Avila, C. macias, M. Wyrick, J. Velasquez, M. Majors, K. Goltara, K. Zagorin, M. Jacobson and Does 1 through 10

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Larry Smith, Plaintiff in propria persona
466 North orange Street, #345
Redlands, CA 92374

**Attorneys (If Known)**

## II. BASIS OF JURISDICTION (Place an X in one box only.)

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (Place an X in one box only.)

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☐ No          ☑ **MONEY DEMANDED IN COMPLAINT: $** According to Proof

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C Section 1983, 1988, 28 U.S.C. 1367 (Supp. State Claims, Wrongful Death, Violation of Civil Rights, Calif. Civ Code Section 52.1

## VII. NATURE OF SUIT (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | IMMIGRATION | | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | ☑ 440 Other Civil Rights | ☐ 690 Other | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: **EDCV11-0196-SVW(VBKx)**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)          CIVIL COVER SHEET          Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Larry A. Smith_   Date January 31, 2011

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

Name & Address:
Larry Smith, Plaintiff in Propria Persona
466 North Orange Street, #345
Redlands, CA 92374
951-769-4423

**FOR OFFICE USE ONLY**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Larry Smith, individually and as successor in interest to decedent Mark Smith<br><br>PLAINTIFF(S)<br>v.<br>City of Fontana, Fontana Police Department Officers Robert Miller, Richard Guerrero, Jacinto de Leon, Daryl Avila, Christopher Macias, Mark Wyrick, Jorge Velasquez, Matthew Majors, Kevin Goltara, Keith Zagorin, Mark Jacobson, Does 1-10<br>DEFENDANT(S). | CASE NUMBER<br><br>EDCV11-0196-SVW(VBKx)<br><br><br>SUMMONS |

TO: DEFENDANT(S): **FOR OFFICE USE ONLY**

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Larry Smith, Plaintiff in Pro Per_, whose address is _466 N. Orange St. #345, Redlands, CA 92374_. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: January 31, 2011           By: ____SUSANA P. BUSTAMANTE____
                                         Deputy Clerk  (SEAL)

                                         (Seal of the Court)

**FOR OFFICE USE ONLY**

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                SUMMONS