**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Larry Smith et al,<br>Plaintiff(s),<br>v.<br>City of Fontana et al,<br>Defendant(s). | CASE NO: 5:11-cv-00196-SVW-VBK<br>ORDER RE: STATUS CONFERENCE |

IT IS HEREBY ORDERED that a Status Conference be set for Monday, August 29, 2011 at 3:00 p.m. before the Honorable Stephen V. Wilson. The attorneys attending this conference MUST be those who are in charge of the conduct of the trial. Attendance is mandatory.

This Court views this status conference as critical to its case management responsibilities. Counsel are required to approach it with the same seriousness.

IT IS FURTHER ORDERED that counsel meet and confer prior to conference in accordance with Local Rule 26,

///

///

however, counsel are not required to file any documents, such as an Early Meeting Report or the Status Conference Report.

<u>Failure on the part of counsel to participate knowledgeably in the conference may result in sanctions</u>.

IT IS FURTHER ORDERED that, at the Status Conference, counsel <u>must</u> be fully prepared to inform the Court of the following:

(1) the theory of the case, both factual and legal,

(2) settlement potential and approaches including an examination of whether a limited trial on certain bifurcated issues could lead to an overall disposition of the case,

(3) length of trial, jury vs non-jury, unusual trial problems, etc.,

(4) motions to be filed and an explanation for their necessity.

This Court <u>will not</u> continue this status conference except upon a showing of good cause.

**(Rule 26f)** Counsel should view the discovery period as a time for the orderly and <u>cooperative</u> exchange of information essential to a resolution of the case. Sanctions will be imposed if counsel impede the discovery process through contentiousness and over-litigiousness.  In short, the Court does not view the pre-trial process as an arena or a series of hostile skirmishes, but rather as a structure through which legal and factual positions are openly and candidly exchanged.  The goal must be the early

and inexpensive settlement of the cases or the refinement of issues for trial.

All discovery matters have been referred to a United States Magistrate Judge <u>as provided in this Court's Standing Order</u>. Discovery disputes of a significant nature should be brought promptly before the Magistrate Judge. The Court does not look favorably upon delay resulting from unnecessarily unresolved discovery disputes. Any discovery disputes that are not resolved three (3) weeks prior to the scheduled trial date should be brought promptly and directly to the attention of <u>this Court</u>.

Plaintiff's counsel, or counsel for defendant if plaintiff is pro se, is to provide <u>written notice</u> of this conference and the meeting requirements to any parties appearing, who are known and not yet formally appeared, on or after the date of this order.

If this case was removed from state court and if plaintiff wants to seek a remand, plaintiff's counsel should file an Ex Parte Application for Remand not later than fourteen (14) days prior to the conference. Defendants should file any opposition to the Ex Parte Application for Remand not later than seven (7) days prior to the conference.

DATED: July 29, 2011

_____
STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE